
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAFAEL CAPI-ESQUIVEL,

                Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

                Respondent.

No. 15-73812

Agency No. A090-641-232

**MEMORANDUM**[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2018[**]
Seattle, Washington

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Rafael Capi-Esquivel ("Capi"), a citizen of Mexico, petitions for review

of an Immigration Judge's ("IJ") decision affirming an asylum officer's negative

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reasonable fear determination and reinstating a prior removal order. Capi also argues that the IJ violated his right to due process. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

*1. Negative Reasonable Fear Determination*

We review the IJ's affirmance of the negative reasonable fear determination for substantial evidence, reversing only if the record "compel[s]" a contrary conclusion. *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). The IJ concluded that Capi lacked a reasonable fear of persecution based on a protected ground and that he failed to establish a reasonable fear of torture with government acquiescence. We affirm. Capi stated that the Caballeros Templarios threatened and tried to extort him because he had recently returned from the United States and because they thought he had money. We have held that neither category constitutes a cognizable social group for withholding of removal purposes. *See, e.g.*, *Bartolome*, 904 F.3d at 814 (money); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (money); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (returning from the United States). While a few of Capi's family members were also threatened by the cartel and we have recognized that a family group is a cognizable social group—*see Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015)—the record evidence does not compel a conclusion that Capi was

2

targeted due to his family group membership. In addition, substantial evidence supports the IJ's affirmance of the determination that there was no reasonable fear of torture with government acquiescence.

*2. Due Process Challenge*

We review questions of law, including due process challenges, de novo. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014); *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). Capi argues that the IJ violated his right to due process by failing to consider all the evidence and by issuing a three-line order that failed to provide a reasoned explanation. We disagree. Capi has not overcome the presumption that the IJ reviewed the evidence. *See Fakhry v. Mukasey*, 524 F.3d 1057, 1066 n.12 (9th Cir. 2008); *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). The IJ stated that she reviewed all the evidence, and there is nothing to indicate otherwise. Further, while short, the IJ's order included reasons for upholding the asylum officer's decision.

**PETITION DENIED.**