**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL CHAVEZ-REYES, *Petitioner*, v. ERIC H. HOLDER JR., Attorney General, *Respondent*. | No. 10-70776 Agency No. A093-198-458 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2014[*]
San Francisco, California

Filed January 27, 2014

Before: Diarmuid F. O'Scannlain, Susan P. Graber,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Graber

---

[*] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied Manuel Chavez-Reyes' petition for review of the Board of Immigration Appeals' decision finding him removable because there was reason to believe that he engaged in or assisted others in illicit trafficking in a controlled substance, based on circumstantial evidence and on his guilty plea to possession of cocaine with intent to distribute.

The panel held that the BIA did not violate petitioner's due process rights by considering his guilty plea, even though this court overturned the resulting conviction on appeal, because this court overturned the conviction solely because the police officers lacked reasonable suspicion to conduct the traffic stop, a reason unrelated to the voluntariness of the guilty plea.

### COUNSEL

Jose A. Bracamonte, Law Office of Jose A. Bracamonte, Phoenix, Arizona, for Petitioner.

Tony West, Assistant Attorney General, Thomas B. Fatouros, Senior Litigation Counsel, and Julie M. Iversen, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

GRABER, Circuit Judge:

Petitioner Manuel Chavez-Reyes petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") entry of a final order of removal. The BIA held that Petitioner was removable pursuant to 8 U.S.C. § 1182(a)(2)(C)(i)[1] because there was "reason to believe" that he "is or has been an illicit trafficker" in a controlled substance or knowingly has assisted others in trafficking. Because the BIA did not violate due process or otherwise err, we deny the petition.

In 1989, Petitioner was the driver and sole occupant of a truck containing almost 900 pounds of cocaine valued at $28.7 million, in a hidden compartment. Police officers pulled the truck over, found the drugs, and arrested Petitioner. He pleaded guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1). But we overturned that conviction on appeal on the ground that the officers lacked sufficient suspicion to make a traffic

---

[1] Title 8 U.S.C. § 1182(a)(2)(C)(i) defines the following class of inadmissible aliens:

> Any alien who the consular officer or the Attorney General knows or has reason to believe—
>
> (i) is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so[.]

stop. *United States v. Chavez-Reyes*, 921 F.2d 281 (9th Cir. 1990) (unpublished decision).

In the immigration proceedings on review, the government charged Petitioner with removability under 8 U.S.C. § 1182(a)(2)(C)(i).[2] Unlike many immigration statutes, which require a criminal conviction before imposing immigration consequences,[3] § 1182(a)(2)(C)(i) requires only a "reason to believe" that Petitioner engaged or assisted in illicit trafficking of drugs. *Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1208–09 (9th Cir. 2004).

Here, the BIA held that there was "reason to believe" that Petitioner had engaged or assisted in illicit trafficking for two primary reasons. First, the BIA held that the circumstantial evidence strongly suggested that Petitioner knew that the drugs were in the truck. The BIA reasoned that the amount of cocaine was "too large for personal use, and the quantity and high value of the cocaine suggests that [Petitioner] was either a drug trafficker himself, or was trusted by the drug traffickers and that he knew that the drugs were in the vehicle." Second, the BIA held that Petitioner's guilty plea also supported its conclusion. The BIA reasoned that, although Petitioner's conviction "was subsequently overturned due to a finding that the agents lacked legal reasonable cause to stop the truck [Petitioner] was driving,

---

[2] This case has a long procedural history, but we recount only the historical facts relevant to the issues on appeal.

[3] *See, e.g.*, 8 U.S.C. § 1182(a)(2)(A) ("Conviction of certain crimes"); *id.* § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); *id.* § 1227(a)(2)(C) ("Any alien who at any time after admission is convicted [of specified firearm offenses] is deportable.").

this does not change the fact that [Petitioner] pled guilty to engaging in drug trafficking."

Petitioner argues that the BIA violated his due process rights by considering his guilty plea, because the resulting conviction was overturned on appeal. We have jurisdiction over this constitutional claim. *Rojas v. Holder*, 704 F.3d 792, 794 (9th Cir. 2012). We review de novo whether the BIA violated due process. *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 377 (9th Cir. 2003) (en banc). We must determine whether "the proceeding was so fundamentally unfair that [Petitioner] was prevented from reasonably presenting his case." *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001) (internal quotation marks omitted). We find no fundamental unfairness here.

As a general rule, a voluntary guilty plea to criminal charges is probative evidence that the petitioner did, in fact, engage in the charged activity, even if the conviction is later overturned for a reason unrelated to voluntariness.[4] Indeed, as the Eleventh Circuit held in a case in which the conviction was expunged, "[b]ecause petitioner has pleaded guilty to cocaine trafficking, it logically follows that immigration officials do not merely have reason to believe he has trafficked in narcotics, they have reason to *know* he has done so." *Castano v. INS*, 956 F.2d 236, 238 (11th Cir. 1992).

We recognize that there may be instances in which an overturned conviction may require the BIA to give little or no

---

[4] Because the BIA considered Petitioner's guilty plea in combination with other evidence, we need not and do not address whether a guilty plea would be sufficient—by itself—to satisfy the "reason to believe" standard. We decide only that the BIA properly *considered* the guilty plea at issue.

weight to a guilty plea. For example, the Eleventh Circuit has held that a guilty plea may "carry little or no probative weight," *Garces v. U.S. Attorney Gen.*, 611 F.3d 1337, 1347 (11th Cir. 2010), if, among other things, the guilty plea was involuntary and the state court later vacated the conviction on that ground, *id.* at 1340–41, 1347–48. Here, however, we overturned Petitioner's conviction solely because the police officers lacked reasonable suspicion to conduct the traffic stop—a reason unrelated to the voluntariness of the guilty plea. Nor has Petitioner suggested any other particularized reason why his guilty plea is so unreliable that the BIA's reliance on it rendered his proceeding "fundamentally unfair." *Sanchez-Cruz*, 255 F.3d at 779. Accordingly, we conclude that the BIA did not violate Petitioner's due process rights.

Petitioner also argues that substantial evidence does not support the BIA's "reason to believe" finding. *See Lopez-Molina*, 368 F.3d at 1211 (holding that we review the BIA's "reason to believe" finding for substantial evidence). We disagree. The large amount of drugs in a vehicle over which Petitioner had sole control, coupled with his guilty plea, strongly suggests that Petitioner indeed knew that his truck contained drugs. "While a generous fact-finder might have believed [Petitioner's] version of the facts, both the BIA and IJ were clearly within reason on these facts and circumstances to conclude otherwise." *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1120 (9th Cir. 2000); *see also Cuevas v. Holder*, 737 F.3d 972, 975–76 (5th Cir. 2013) (holding, in similar circumstances, that substantial evidence supported the BIA's "reason to believe" finding). Petitioner's reliance on our decision in *Pichardo v. INS*, 188 F.3d 1079 (9th Cir. 1999),

is in error, because that opinion was withdrawn and superseded on rehearing, 216 F.3d 1198 (9th Cir. 2000). In short, the BIA's decision rests on substantial evidence.

**Petition DENIED.**