**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ILONA KING, AKA Ilona Sismilich, | No. 11-73855 |
| Petitioner, | Agency No. A075-090-875 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2015
San Francisco, California

Before: HAWKINS, PAEZ, and BERZON, Circuit Judges.

Ilona King petitions for review of the decision of the Board of Immigration

Appeals dismissing her appeal from an Immigration Judge's ("IJ") order that

pretermitted her applications for adjustment of status and a waiver of

inadmissibility. The IJ determined that King was inadmissible under 8 U.S.C. §

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1182(a)(2)(C)(i).[1]  We review for substantial evidence, *see Alarcon-Serrano v. I.N.S.*, 220 F.3d 1116, 1119 (9th Cir. 2000), and deny King's petition.

**1.**  The agency's determination that there was reason to believe that King knowingly colluded with her brother in the illicit trafficking of methamphetamine is supported by substantial evidence.  *See* 8 U.S.C. § 1182(a)(2)(C)(i); *Alarcon-Serrano*, 220 F.3d at 1119.  On the record before the IJ, a reasonable adjudicator would not be compelled to reach a different conclusion than the agency's, given the items that the police found in the living room of the house that King indicated that she owned, King's presence in the house when the police found the items, the living room's location in the house, and King, her brother, and her husband's statements about the items to the investigating police officers.  *See* 8 U.S.C. § 1252(b)(4)(B); *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014).  Although King's presence did not constitute an act of assistance, it is undisputed that King provided a place in her house for the manufacturing.  *Cf. Rosemond v. United States*, 134 S. Ct. 1240, 1246 (2014); 21 U.S.C. § 856(a)(1).  King does not

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the final order of removal, given that the agency found King removable not on the basis of § 1182(a)(2)(C)(i), but rather as "[a]n alien present in the United States without being admitted or paroled," § 1182(a)(6)(A)(i).

dispute that the activity in her house constituted drug trafficking under §

1182(a)(2)(C)(i). Thus, substantial evidence supports the agency's determination.

**2.** Consistent with our analysis above, substantial evidence also supports the adverse credibility determination regarding King's testimony before the IJ that she lacked knowledge of her brother's activity in her house. *See Tamang v. Holder*, 598 F.3d 1083, 1093–94 (9th Cir. 2010). Moreover, King does not contest the IJ's adverse credibility determination regarding her brother's testimony.

**PETITION DENIED.**