**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTIAN ANDRES DURAN-CASTRO, AKA Christian Andres, AKA Christian Andres Duran, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.  15-71678 <br><br> Agency No. A205-137-708 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2016[**]

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Cristian Andres Duran-Castro, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision finding him statutorily ineligible for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's determination that a petitioner knowingly engaged in drug trafficking. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014). We deny the petition for review.

The record of conviction regarding Duran-Castro's Arizona conviction for solicitation to commit sale or transportation of narcotic drugs for sale provided the BIA substantial evidence that there was "reason to believe" Duran-Castro had been knowingly involved in drug trafficking. *See* 8 U.S.C. § 1182(a)(2)(C)(i) (providing that an alien is inadmissible if there is "reason to believe" that he is or has been an "illicit trafficker in any controlled substance"); *Chavez-Reyes*, 741 F.3d at 3 (circumstantial evidence, coupled with the petitioner's guilty plea, supported the BIA's "reason to believe" finding). The agency therefore properly determined Duran-Castro was statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C). His contention that there are inconsistencies in the record of conviction is not supported by the record.

**PETITION FOR REVIEW DENIED.**

15-71678