NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUELA ORZUGA DE MONTANO,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.   16-73684

Agency No. A077-436-977

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Manuela Orzuga de Montano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision finding her inadmissible and denying her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings and we review de novo questions of law. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination, where Orzuga de Montano's testimony regarding her knowledge that the vehicle she was driving contained marijuana was inconsistent with her sworn statement, and her explanation for the inconsistency was that she was tired and frustrated at the time of her sworn statement. *See Shrestha v. Holder*, 590 F.3d 1034, 1046-48 (9th Cir. 2010) (adverse credibility determination supported under the totality of the circumstances).

Because the credibility determination is supported, substantial evidence supports the agency's determination that there was "reason to believe" Orzuga de Montano had knowingly assisted in drug trafficking, where border officials found more than 22 kilograms of marijuana hidden within the vehicle she was driving, and in her sworn statement she admitted that she knew the marijuana was in the vehicle. *See* 8 U.S.C. § 1182(a)(2)(C)(i) (providing that an individual is inadmissible if there is "reason to believe" that she has knowingly assisted in the illicit trafficking of a controlled substance); *Chavez-Reyes*, 741 F.3d at 2-3.

We lack jurisdiction to consider Orzuga de Montano's unexhausted contention that the agency erred or violated due process in relying on her sworn

16-73684

statement before she had an opportunity to refute it in court. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**