NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE EDUARDO ESQUIVEL-MATEO, | No. 16-73952 |
| Petitioner, | Agency No. A200-686-403 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Jose Eduardo Esquivel-Mateo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision finding him inadmissible and denying his application

for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's "reason to believe" determination and we review de novo questions of law. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that there was "reason to believe" Esquivel-Mateo had knowingly assisted in drug trafficking, where the declaration of probable cause formed the factual basis for Esquivel-Mateo's plea and reflects his involvement in the purchase of controlled narcotics, during which multiple suspects were arrested and 518.5 grams of cocaine and 523.6 grams of methamphetamine were seized. *See* 8 U.S.C. § 1182(a)(2)(C)(i) (providing that an individual is inadmissible if there is "reason to believe" that he has knowingly assisted in the illicit trafficking of a controlled substance); *Chavez-Reyes*, 741 F.3d at 2-3; *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1226-27 (9th Cir. 2008) (an immigration judge may rely upon a statement of probable cause supplied by the prosecution to establish a factual basis for the plea).

Accordingly, the agency did not err in finding Esquivel-Mateo inadmissible under 8 U.S.C. § 1182(a)(2)(C)(i). Nor did it err in finding him ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1101(f)(3), 1229b(b)(1)(A).

**PETITION FOR REVIEW DENIED.**