NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNESTO OLIVARES, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-72581 <br><br> Agency No. A096-707-461 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018[**]

Before: LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Ernesto Olivares, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order finding him inadmissible and denying his

application to adjust status. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's "reason to believe" and adverse credibility determinations, and we review de novo questions of law. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014); *Shrestha v. Holder*, 590 F.3d 1034, 1039, 1048 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination, where Olivares's testimony regarding his arrest in 1987 was inconsistent with the detailed statement he gave to police at the time of his arrest. *See id*. at 1046-48 (adverse credibility determination supported under the totality of the circumstances). The record does not support Olivares's contention that the agency ignored the fact that the criminal charges against him had been dismissed. Accordingly, Olivares's due process contention fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

Because Olivares's testimony recanting his prior statement was not credible, substantial evidence supports the agency's determination that it had reason to believe he had engaged in drug trafficking. *See* 8 U.S.C. § 1182(a)(2)(C)(i) (providing that an alien is inadmissible if there is "reason to believe" that he is or has been an "illicit trafficker in any controlled substance"); *Chavez-Reyes*, 741 F.3d at 2 (no conviction is required for the agency to have "reason to believe" an applicant engaged or assisted in illicit trafficking of drugs).

We do not reach Olivares's contentions concerning denial as a matter of discretion, because the BIA did not rely on that ground. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

**PETITION FOR REVIEW DENIED.**