**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VINAYAK MAHAJAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-73368

Agency No. A021-529-035

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:      TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Vinayak Mahajan, a native and citizen of India, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") removal order.  We have jurisdiction under 8 U.S.C.

§ 1252.  "[W]e review for whether substantial evidence supports a finding by clear,

unequivocal, and convincing evidence that [Mahajan] abandoned his lawful

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

permanent residence in the United States." *Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006 (9th Cir. 2003). We review de novo claims of due process violations in removal proceedings. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that the government met its burden of showing Mahajan abandoned his lawful permanent resident status where the record does not compel the conclusion that Mahajan's trip abroad was "relatively short" or that he had a continuous, uninterrupted intention to return to the United States "within a relatively short period" during his trip abroad. *See Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir. 1997) (setting out the factors to consider in determining whether an alien engaged in only a "temporary visit abroad" as required to qualify for returning resident alien status); *Chavez-Ramirez v. INS*, 792 F.2d 932, 937 (9th Cir. 1986) (alien's trip abroad will be considered temporary only if he has a "continuous, uninterrupted intention to return to the United States during the entirety of his visit").

Mahajan's contentions that the agency violated his right to due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [petitioner] must show error and substantial prejudice."); *see also Gomez-Velasco v. Sessions*, 879 F.3d 989, 993-94 (9th Cir. 2018) ("If the right to counsel has been wrongly denied only at a discrete stage of

the proceeding, and an assessment of the error's effect can readily be made, then prejudice must be found to warrant reversal.").

Mahajan does not make any arguments challenging the agency's conclusion that he failed to comply with the regulatory requirements for seeking reopening or reconsideration. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION FOR REVIEW DENIED.**

17-73368