Zhu v. Barr

BIA
Douchy, IJ
A206 580 554

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

SHENG ZHU,
> *Petitioner,*

v.                                                    19-451
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jay Ho Lee, Jay Ho Lee Law
                       Offices LLC, New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant
                       Attorney General; Kiley Kane,
                       Senior Litigation Counsel; Deitz
                       P. Lefort, Trial Attorney, Office
                       of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sheng Zhu, a native and citizen of the People's Republic of China, seeks review of a February 7, 2019 decision of the BIA affirming a November 13, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sheng Zhu*, No. A206 580 554 (B.I.A. Feb. 7, 2019), *aff'g* No. A206 580 554 (Immig. Ct. N.Y. City Nov. 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government moves for summary denial of Zhu's petition for review. Rather than determine if the petition is frivolous as required for summary denial, *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995), we construe the Government's motion as a brief and deny the petition on the merits. Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland*

*Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

The agency did not err in finding that Zhu failed to meet his burden of showing an objectively reasonable fear of future persecution. Absent past persecution, an applicant may prevail on an asylum claim by demonstrating that "he subjectively fears future persecution and . . . that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An applicant may make this showing by establishing either "a reasonable possibility he . . . would be singled out individually for persecution," or "a pattern or practice" of persecution of "persons similarly situated" to him. 8 C.F.R. § 1208.13(b)(2)(iii)(A); *see also Y.C.*, 741 F.3d at 332; *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining a pattern or practice of persecution as the "systemic or pervasive" persecution of a group). Where the claim is based on activities undertaken after the applicant's arrival in the United States, this requires "some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities." *Hongsheng Leng v. Mukasey*,

3

528 F.3d 135, 138 (2d Cir. 2008). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987)). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The agency reasonably concluded that Zhu's fear was not objectively reasonable. First, Zhu failed to establish that the Chinese authorities were aware of his activities or would likely become aware of them. He asserted that "it [was] possible" that the Chinese government monitored his WeChat activity and was aware of his proselytizing, due to the Chinese government's ban on proselytism. Certified Administrative Record ("CAR") at 97. However, the 2009 State Department report reflects that proselytizing is not completely banned, but rather permitted in registered places of worship and private settings. The 2016 report provides that the State Administration for Religious Affairs allows family and friends to meet for home worship without registering and, in a brief paragraph that appears to place

4

restrictions on Buddhists, states that public proselytizing and "meeting in unregistered places of worship is not permitted." CAR at 127. The 2016 report provides both that "[r]eligious regulations . . . vary by province" and that there are continuing reports of repression throughout China, including restrictions on "expressing religious beliefs in public and in private." CAR at 127, 129. Neither report discusses incidents of persecution of Catholics or other religious adherents for posts on social media. Based on this evidence, we cannot find error in the agency's conclusion that the 2016 report did not establish that Christians were barred from proselytizing. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)). Accordingly, the agency reasonably concluded that Zhu failed to show that his fear of persecution for posts on WeChat is more than speculative. *See Jian Xing Huang*, 421 F.3d at 129.

Second, Zhu did not establish a pattern or practice of persecution of similarly situated individuals. He referred to the arrest of a human rights activist who used WeChat;

5

however, the article he submitted did not elaborate on whether the activist's WeChat postings prompted the arrest and, more significantly, Zhu is not a human rights activist and did not show that the Chinese authorities would dedicate the same attention to his activities. To the extent that Zhu fears persecution because he would attend an unregistered church in China, the record reflects that repression of religious activities varies by province, and the evidence does not establish a pattern or practice of persecution of church members in Zhu's native Fujian Province. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149, 169–70 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to applicant's region when persecutory acts in China vary). The country-conditions evidence reflects that "[i]n some parts of the country" the authorities did not interfere with unregistered churches, while in other areas, such churches were shut down. CAR at 143. The reports that Zhu submitted did not mention restrictions on churches in Fujian.

Lastly, we deny Zhu's request for remand for the agency to consider a 2018 State Department report because new evidence that was not submitted to the agency is not a basis

for remand. *See* 8 C.F.R. § 1003.2(c) (providing for motions to reopen for consideration of new evidence before the BIA); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007). The appropriate course is for Zhu to file a motion to reopen with the BIA. *Xiao Xing Ni*, 494 F.3d at 269.

In sum, Zhu did not meet his burden for asylum, and thus, he "necessarily" failed to meet the higher standards for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7