**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERMAN PANIAGUA-RODRIGUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-72502

Agency No. A202-014-933

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2021
Seattle, Washington

Before: GRABER and CALLAHAN, Circuit Judges, and SELNA,[**] District
Judge.

Petitioner German Paniagua-Rodriguez timely seeks review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's

("IJ") denial of relief from removal.  Before we heard oral argument, the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

government filed a motion to remand part of the case to the BIA.  Dock. No. 57.

1. We deny the petition as to the BIA's denial of cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1).  Substantial evidence supports the conclusion that, because Petitioner pleaded guilty to a drug trafficking crime in state court and admitted his participation to the IJ, the agency had a "reason to believe" that Petitioner had committed a drug trafficking crime that rendered him ineligible for cancellation of removal.  Id. §§ 1101(f)(3), 1182(a)(2)(C), 1229b(b)(1)(B); see Chavez-Reyes v. Holder, 741 F.3d 1, 3 (9th Cir. 2014) ("[A] voluntary guilty plea to criminal charges is probative evidence that the petitioner did, in fact, engage in the charged activity, even if the conviction is later overturned for a reason unrelated to voluntariness.").  Petitioner's arguments to the contrary do not persuade us.

2. We deny the government's motion to remand insofar as it seeks to remand Petitioner's claim for relief under the Convention Against Torture ("CAT").  The BIA fully considered and resolved Petitioner's CAT claim, and no new law or facts pertain to this claim, so we may decide this issue in the ordinary course.  Neither INS v. Orlando Ventura, 537 U.S. 12 (2002) (per curiam), nor its underlying principles, require that we remand this issue.

3. We grant the petition as to CAT relief.  Substantial evidence does not support the agency's determination that Petitioner failed to prove that he will, more

2

likely than not, be tortured if removed to Mexico. Petitioner agreed to testify against members of the Sinaloa cartel, and a copy of the agreement was posted to a public docket and sent to his co-defendants. Ample evidence in the record, including country reports, news articles, and expert testimony, compels the conclusion that Petitioner likely will be tortured. Neither the passage of time, nor the fact that Petitioner did not suffer past torture, nor the lack of threats detracts from the evidence in the unique circumstances present here.

None of the cases cited by the government involves, as present here, pervasive evidence of the general likelihood of torture from a cartel or other group. Each case also is clearly distinguishable for additional reasons. See Duran-Rodriguez v. Barr, 918 F.3d 1025, 1029–30 (9th Cir. 2019) (holding that the BIA permissibly found that petitioner was not more likely than not to be tortured after he left town after being threatened with torture unless he left town); Mairena v. Barr, 917 F.3d 1119, 1126 (9th Cir. 2019) (per curiam) (affirming the denial of CAT relief where the events "transpired thirty years ago" and, in more recent years, "there was no evidence that [the petitioner] or anyone in his family had received threats while attempting to regain family land from the government"); Santos-Lemus v. Mukasey, 542 F.3d 738, 748 (9th Cir. 2008) (holding that the petitioner's mother's safety back home undermined the petitioner's claimed fear of harm due to his membership in a particular social group of his family) abrogated

3

on other grounds by Henriquez-Rivas v. Holder, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

Substantial evidence also does not support the agency's determination that the Mexican government will not acquiesce in the Sinaloa cartel's treatment of Petitioner. Country reports, news articles, and expert testimony compel the conclusion that "a public official" likely will acquiesce. 8 C.F.R. § 1208.18(a)(7). The record does contain evidence of very modest improvements by the Mexican government to attempt to combat the extensive corruption. But, as in Xochihua-Jaimes v. Barr, 962 F.3d 1175, 1185 (9th Cir. 2020), that evidence does not undermine our conclusion that any reasonable factfinder would find acquiescence here. Contrary to the government's position, our decision in Garcia-Milian v. Holder, 755 F.3d 1026 (9th Cir. 2014), supports that view. See id. at 1035 (holding that "evidence that police officials were corrupt, and worked on behalf of criminals or gangsters, may establish that the government has acquiesced in criminal activities").

4. In light of the BIA's intervening decision in Matter of H-L-S-A-, 28 I. & N. Dec. 228 (BIA 2021), we grant the government's motion to remand Petitioner's claims of asylum and withholding of removal with respect to his asserted membership in a proposed social group of "individuals who publicly agree to testify against cartel members in criminal cases."

4

By not raising them to us, Petitioner has forfeited his original request for asylum or withholding of removal on all other grounds.  Doe v. Holder, 736 F.3d 871, 876 n.3 (9th Cir. 2013).  Our remand is limited to the particular social group just noted.

**Motion to Remand GRANTED IN PART and DENIED IN PART.**

**Petition REMANDED IN PART, GRANTED IN PART, and DENIED IN PART.**  The parties shall bear their own costs on appeal.