NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ROBERTO CARLOS FRANCO GUARDADO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, U.S. Attorney General,<br><br>Respondent. | No. 21-733<br><br>Agency No. A205-466-279<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023**
San Francisco, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,*** District
Judge.

Roberto Carlos Franco Guardado (Franco), a native and citizen of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) denial of his applications for withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

"Where the BIA conducts its own review of the evidence and the law, rather than adopting the [Immigration Judge's (IJ)] decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted).

1. Franco challenges the BIA's determination that he is ineligible for withholding of removal because his 2019 conviction for assault with a deadly weapon, in violation of § 245(a)(1) of the California Penal Code, constitutes a particularly serious crime (PSC). *See* 8 U.S.C. § 1231(b)(3)(B)(ii)–(iv). When the Attorney General designates an offense as a PSC through case-by-case adjudication, the IJ—and subsequently the BIA on appeal—look to (1) the nature of the conviction, (2) the type of sentence imposed, and (3) the circumstances and underlying facts of the conviction to make the ultimate PSC determination. *See Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020). Our review of the BIA's PSC determination is jurisdictionally limited to deciding whether the BIA committed an abuse of discretion by applying an incorrect legal standard or "act[ing] arbitrarily,

2

irrationally, or contrary to law." *Mairena v. Barr*, 917 F.3d 1119, 1124 n.4 (9th Cir. 2019); *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012) (per curiam).

In its determination, the BIA considered (1) the fact that Franco was convicted of this offense by a jury and sentenced to three years imprisonment, (2) that his conviction was under a statute criminalizing an act that "necessarily involve[s] the use of a deadly weapon or instrument against another person," (3) that he admitted to having a confrontation with the victim and injuring the victim with a box cutter blade, and (4) that he admitted the confrontation resulted in the victim being hospitalized. The BIA appropriately considered all relevant factors, applied the correct legal standard, and adequately explained the bases for its determination that Franco's conviction constitutes a PSC. *See Bare*, 975 F.3d at 961. Thus, there is no showing that the BIA abused its discretion, and we may deny the petition for review on this ground.

2. Franco challenges the IJ's alternative holding that, even if Franco was not convicted of a PSC, his withholding of removal claim fails on the merits. Because we hold that the BIA did not abuse its discretion in determining that Franco's conviction constitutes a PSC, and because we otherwise lack jurisdiction to disturb the BIA's holding that Franco's conviction statutorily bars him from withholding of removal eligibility, we may not address Franco's argument that his

3

withholding of removal claim otherwise succeeds on the merits. *See Arbid*, 700 F.3d at 385; *see also Bare*, 975 F.3d at 961.

**3.** Franco's CAT claim fails because the record does not compel a finding that it is more likely than not that he would be tortured if removed to El Salvador, and that the torture would be inflicted with the consent or acquiescence of state actors. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1)–(7); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion."). Franco's evidence of general crime in El Salvador and his prior refusal to join the 18th Street Gang are insufficient to meet the more likely than not standard for establishing past torture or a particularized threat of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that petitioners' generalized evidence of crime in their native country was insufficient to satisfy the more likely than not standard under CAT); *see also Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (holding that country condition reports were insufficient to show that petitioner would face "any particular threat of torture beyond that which all citizens" in his native country face). Additionally, Franco has not cited any evidence supporting his belief that El Salvadoran police would target him or acquiesce to his torture because he has non-gang-related tattoos. *See Andrade v. Lynch*, 798 F.3d 1242, 1245 (9th Cir. 2015)

4

(per curiam) ("[Precedent] establishes that the BIA must consider the risk of torture posed by conspicuous tattoos that display affiliation with a gang, for deportation to a country where gang members are routinely tortured. It does not establish that any tattoos are enough to justify [CAT] relief."). For the foregoing reasons, we deny Franco's petition for CAT relief.

4.      Franco argues that the IJ violated his Fifth Amendment due process rights when she declined to grant him an additional two-week continuance ahead of his merits hearing so that he could obtain his criminal record "to assist [the IJ's] determination as to whether his conviction [for assault with a deadly weapon] constitutes a particularly serious crime." We review this due process challenge de novo to determine (1) whether the proceeding was so fundamentally unfair that Franco was prevented from reasonably presenting his case, and (2) whether Franco was prejudiced, such that the outcome of the proceeding would have been different in the absence of the alleged due process violation.[1] *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014).

_____

[1]      Franco's briefing seems to confuse the standards for bringing a constitutional due process challenge versus challenging generally the denial of a continuance. We review a general challenge to the denial of a continuance for abuse of discretion. *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019). Under this standard, Franco's challenge also fails. As noted, the IJ denied Franco's request for an additional two-week continuance "to ensure representation and have his documents filed timely" after Franco had already been granted multiple continuances during the eight years that his case was pending. Additionally, Franco is not raising a denial of a continuance challenge based on his inability to

5

As to fundamental unfairness, the record reflects that Franco only requested a two-week continuance before the IJ in order to submit a cancellation of removal application and to "ensure that he [would] be represented and have his documents filed timely." He did not state that his request was for purposes of obtaining his criminal record as he now claims. Because Franco had already been granted multiple continuances, the IJ denied his request, scheduled the merits hearing for two weeks later, and informed Franco that he would need to be prepared to present his case and have all additional applications and documents filed at that time. At the outset of the hearing, Franco confirmed that he was ready to proceed, he did not request any additional time, nor did he express any concern about obtaining documents related to his assault with a deadly weapon conviction.

On appeal, Franco, citing *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010), argues that he should have been given additional time to obtain his criminal record because the IJ was required to review the record as part of her PSC analysis. *Anaya-Ortiz* does not hold that an IJ must consider a petitioner's criminal record when making a PSC determination. Rather, it holds that, while the IJ may consider a petitioner's criminal record, the IJ's determination may also be based solely on a petitioner's own testimony discussing his crime. *Id.* at 678–79. Franco testified

---

find new representation before his merits hearing, his challenge on appeal is based only on his inability to obtain his criminal record.

during his merits hearing about the conviction and the IJ—and subsequently the BIA—properly relied on that testimony to make the determination.

Franco also fails to demonstrate that he experienced any prejudice as a result of the IJ's refusal to grant an additional two-week continuance. Franco only claims, without providing specifics, that his inability to obtain his criminal record potentially affected the outcome of his case. This assertion alone, without evidence to support it, is insufficient to demonstrate prejudice. *Gomez-Velazco*, 879 F.3d 989, 993 (9th Cir. 2018) ("As a general rule, an individual may obtain relief for a due process violation only if he shows the violation caused him prejudice, meaning the violation potentially affected the outcome of the immigration proceeding."). Rather, the record reflects that Franco was provided the "full and fair hearing" to which he was entitled and therefore we deny his petition for review on this ground. *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021).

The temporary stay of removal remains in place until the mandate issues. The motions to stay removal (Dkt. Nos. 2, 10) are otherwise denied.

**THE PETITION IS DENIED**.