Lekocaj v. Garland

BIA
McFarland, IJ
A206 189 339

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

DEJVIS LEKOCAJ,
> *Petitioner,*

v.                                                          **21-6430**
                                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Judy Resnick, Esq., Far Rockaway, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Brooke Marie Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dejvis Lekocaj, a native and citizen of Albania, seeks review of a July 22, 2021, decision of the BIA affirming a March 1, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dejvis Lekocaj*, No. A 206 189 339 (B.I.A. July 22, 2021), *aff'g* No. A 206 189 339 (Immig. Ct. N.Y. City Mar. 1, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed "both the IJ's and the BIA's opinions for the sake of completeness." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 403 (2d Cir. 2014) (internal quotation marks omitted). We review factual findings for substantial evidence and questions of law and application of law to undisputed fact de novo. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "[T]he administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant has the burden to establish "past persecution" or a "well-founded fear" of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.13(a), (b)(1)–(2); *see also* 8 U.S.C. § 1158(b)(1)(B)(i).

## I.    Past Persecution

The agency did not err in concluding that Lekocaj failed to demonstrate that his experience in Albania rose to the level of persecution. Lekocaj alleged that, before local elections in 2013, members of the Socialist Party ("SP") threatened his father, including by threatening to beat or kill him and his family because they supported the Democratic Party ("DP"), then he was individually threatened by four SP members who stopped him on the way to school and warned him that "bad things are going to happen." He confirmed that the SP members were unarmed and did not physically assault him. The agency did not err in concluding that, in the absence of physical harm, these threats, only one of which was a direct threat, did not rise to the level of persecution. Persecution may "encompass[] a variety of forms of adverse treatment, including 'non-life-

3

threatening violence and physical abuse,'" but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (quoting *Chen v. U.S. I.N.S.*, 359 F.3d 121, 128 (2d Cir. 2004)) (brackets omitted). *See Zhen Hua Li v. Att'y Gen.*, 400 F.3d 157, 164 (3d Cir. 2005) (holding that "unfulfilled threats must be of a highly imminent and menacing nature in order to constitute persecution"); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (recognizing "a small category of cases" in which threats can amount to past persecution if they "are so menacing as to cause significant actual 'suffering or harm'").

## II.     Well-Founded Fear of Future Persecution

Having failed to show past persecution, Lekocaj had the burden to establish an "objectively reasonable" fear of future persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(1), (2)(iii). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128 (2d Cir. 2005). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not

4

objectively reasonable if it lacks "solid support" in the record and is "speculative at best." *Jian Xing Huang*, 421 F.3d at 129.

The agency did not err in concluding that Lekocaj had not established an objectively reasonable fear of persecution by the SP. Lekocaj testified that neither of his parents, both of whom are DP members and have remained in Albania, have been detained, arrested, or physically attacked because of their political beliefs. He confirmed that they had no problems with the police or the military in Albania. Accordingly, Lekocaj's fear of future harm is "undercut by evidence that similarly situated family members remain unharmed." *Lianping Li v. Lynch*, 839 F.3d 144, 151 (2d Cir. 2016). The U.S. State Department's 2017 Human Rights report does not provide evidence to the contrary: it acknowledged allegations of vote buying in recent elections, identified the most significant human rights issues as "limitations on express and the press, including self-censorship and intimidation of journalists," and found "pervasive corruption in all branches of government," but also found no reports that the government or its agents committed arbitrary or unlawful killings or disappearances. The agency reasonably credited Lekocaj's own circumstances over his expert's conclusions, given that his parents remained in Albania and had not been harmed or received threats after 2013. *Cf. Jian Xing*

*Huang*, 421 F.3d at 129 (treating as probative petitioner's failure to allege persecution of similarly situated family members); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, Lekocaj failed to meet his burden for asylum because he did not allege past harm that rose to the level of persecution or establish an objectively reasonable fear that SP members would target him in the future. *See Ivanishvili*, 433 F.3d at 341; *Jian Xing Huang*, 421 F.3d at 128. Having failed to meet his burden of proof for asylum, Lekocaj necessarily failed to meet the higher burden for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

Finally, Lekocaj claims that the IJ was biased, engaged in improper speculation, and violated due process. Lekocaj failed to exhaust these claims by raising them before the BIA. The Government claims that we lack jurisdiction to consider such unexhausted claims, but the Supreme Court has since made clear that § 1252(d)(1)'s "exhaustion requirement is not jurisdictional." *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023). Even so, "we have generally treated § 1252(d)(1)'s issue exhaustion requirement as 'mandatory,'" *Ud Din v. Garland*, 72

6

F.4th 411, 419 (2d Cir. 2023), and the Government has properly asserted as a defense that Lekocaj failed to exhaust these arguments. We therefore decline to consider them. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 123 (2d Cir. 2007) ("usually . . . issues not raised to the BIA will not be examined by the reviewing court"). In any event, Lekocaj's allegations amount to a claim that the IJ did not sufficiently consider his credible testimony; to the contrary, the IJ credited the testimony but instead found that Lekocaj's past experiences did not rise to the level of persecution.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court