NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS EDGARDO CORNEJO-FLORES, | No.   20-72982 |
| Petitioner, | Agency No. A205-076-683 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2023[**]
Pasadena, California
Submission Withdrawn March 22, 2023
Resubmitted October 16, 2023

Before: LEE, BRESS, and MENDOZA, Circuit Judges.

Douglas Edgardo Cornejo-Flores, a native and citizen of El Salvador,

petitions for review of an Immigration Judge's (IJ) decision affirming an asylum

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

officer's negative reasonable fear determination and reinstating a prior removal order. Cornejo-Flores also argues that the IJ violated his right to due process. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1. <u>Negative Reasonable Fear Determination</u>: We review the IJ's affirmance of the asylum officer's negative reasonable fear determination for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (citation and internal quotation marks omitted). The IJ concluded that Cornejo-Flores lacked a reasonable fear of persecution based on a protected ground and that he failed to establish a reasonable fear of torture with government acquiescence. Substantial evidence supports those determinations.

Cornejo-Flores offers three reasons why gang members in El Salvador harmed him: (1) because of their desire to exact revenge on him because of his refusal to comply with the gang's demands and his decision to leave the gang, (2) because of his membership in the particular social group composed of his family, and (3) because he served as a witness to the police when he accompanied police officers to

---

[1] The government now concedes that the petition for review is timely and that we have jurisdiction under *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1047–48 (9th Cir. 2023) (holding that the thirty-day deadline provision, 8 U.S.C. § 1252(b)(1), is a non-jurisdictional rule and that a reinstated order of removal becomes final only after reasonable fear proceedings have concluded).

2

the incarceration center that was holding the suspect who shot him. But none of these reasons compels us to conclude contrary to the IJ's findings.

First, this court has already held that it does not recognize "former members of the Mara 18 gang in El Salvador who have renounced their gang membership" as a cognizable particular social group. *Reyes v. Lynch*, 842 F.3d 1125, 1129 (9th Cir. 2016); *see also Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1196 (9th Cir. 2021) (explaining that retaliatory violence by gang members "without more, does not constitute persecution on account of a protected ground").

Second, although this court recognizes that a family group is a cognizable particular social group, *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015), and Cornejo-Flores's brother and cousin were apparently killed by gang members, the record does not compel the conclusion that Cornejo-Flores was targeted due to his family group membership. Rather, it seems that Cornejo-Flores's brother and cousin were targeted because the gang was exacting revenge on Cornejo-Flores.

Lastly, although this court recognizes that "those who testif[y] in court against gang members" constitute a cognizable particular social group that could form the basis for a successful withholding claim, *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc), that is not the situation here. Cornejo-Flores did not testify in open court or in any other setting that would make him "highly visible and recognizable by others in the country in question." *Id.* (cleaned up).

In addition, substantial evidence supports the IJ's determination that there was no reasonable fear of torture with government acquiescence. Indeed, rather than suggesting that the government would acquiesce to his torture, the evidence demonstrates that the Salvadoran police have attempted to protect Cornejo-Flores from violent gang members.

Substantial evidence thus supports the IJ's determination that Cornejo-Flores failed to demonstrate a reasonable fear of persecution based on a protected ground and that he failed to establish a reasonable fear of torture with government acquiescence.

2.   <u>Due Process Challenge</u>:  We review questions of law, including due process challenges, de novo. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014); *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010).  Cornejo-Flores contends that the IJ violated his right to due process by failing to consider all the evidence and "how that evidence meaningfully supported the reasonableness of [Cornejo-Flores's] claimed fear of future persecution and torture."  We disagree. Cornejo-Flores has not overcome the presumption that the IJ reviewed the evidence. *See Fakhry v. Mukasey*, 524 F.3d 1057, 1066 n.12 (9th Cir. 2008); *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000).  And there is nothing in the record that indicates that Cornejo-Flores was not afforded a fair hearing consistent with due process.

**DENIED.**