NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO GARCIA HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-2006<br><br>Agency No.<br>A095-686-398<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2025**
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Petitioner Alejandro Garcia Hernandez petitions for review of the Board of

Immigration Appeals' (BIA) decision denying his motion to reopen removal

proceedings. We deny the petition.

"We review BIA decisions to deny equitable tolling of a motion to reopen

for abuse of discretion." *Cui v. Garland*, 13 F.4th 991, 1000 (9th Cir. 2021). And

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"[w]e may only exercise jurisdiction over BIA decisions denying sua sponte reopening 'for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.'" *Id.* at 1001 (quoting *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)). We review due process challenges de novo. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014).

1. ***Motion to Reopen.*** Garcia Hernandez challenges the BIA's denial of equitable tolling and its conclusion that he failed to make a prima facie showing that he was eligible for relief. "The BIA can deny a motion to reopen on any one of 'at least' three independent grounds," including "failure to establish a prima facie case for the relief sought." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (citation omitted). Even assuming the BIA erred in its equitable-tolling analysis, it did not err by concluding that Garcia Hernandez failed to make a prima facie showing that he had a qualifying child who would suffer an exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1229b(b)(1)(D). An applicant for cancellation of removal must show hardship to a qualifying relative "as of the time of the decision on the application for cancellation of removal." *Mendez-Garcia v. Lynch*, 840 F.3d 655, 664 (9th Cir. 2016). Because a child must be under 21 to qualify, *see* 8 U.S.C. § 1101(b)(1) (defining "child"), and Garcia Hernandez's son was 22 years old when the BIA made its decision, the BIA did not commit legal error

in denying the motion to reopen.[1]

      2.    ***Due Process.*** Garcia Hernandez also argues that the BIA improperly weighed the evidence and failed to examine the totality of the circumstances in analyzing his motion to reopen. Reviewing the record de novo, we find no evidence that the BIA made any such errors.

      **PETITION DENIED.**

---

[1]We decline to address Garcia Hernandez's additional argument that the BIA erred by overlooking that he became eligible for cancellation of removal when his disqualifying criminal conviction was vacated. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency.").