**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WISNEL JOSEPH ESTIME,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.    18-71312<br><br>Agency No. A209-869-314<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 1, 2020[**]

Before:  HAWKINS, GRABER, and BYBEE, Circuit Judges.

Petitioner Wisnel Joseph Estime, a native and citizen of Haiti, petitions for

review of the Board of Immigration Appeals' (BIA) order dismissing his appeal

from an Immigration Judge's (IJ) denial of his application for asylum, withholding

of removal, and relief under the Convention Against Torture (CAT).  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and dismiss in part.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, [we] review[] both decisions." *Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011). "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (internal quotation marks omitted). We review questions of law, including due process claims, de novo. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014).

1.     Substantial evidence supports the denial of Estime's claims for asylum and withholding of removal. *See Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (stating substantial evidence standard). The record does not compel the conclusion that Estime was credible. *See id*. (stating that courts must uphold adverse credibility findings unless "the evidence not only *supports* [a contrary] conclusion, but *compels* it"). On several issues, Estime's testimony was either internally inconsistent or inconsistent with his prior statements. His explanation for those inconsistencies was not persuasive.

2.     Substantial evidence also supports the denial of Estime's claim for CAT relief because the record does not compel the conclusion "that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see also Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) (finding denial of CAT relief supported by substantial evidence where the petitioner was not found credible).

3.     Estime waived his due process claims by failing to exhaust them before the BIA.  *See* 8 U.S.C. § 1252(d)(1) (allowing appellate review of issues only if "the alien has exhausted all administrative remedies available to the alien as of right"); *Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir. 2004) (requiring exhaustion of due process claims concerning the denial of opportunity to present case and deprivation of right to counsel); *Vargas v. INS*, 831 F.2d 906, 908 (9th Cir. 1987) ("a petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process" (internal quotation marks omitted)).  Accordingly, we lack jurisdiction over those claims and dismiss the petition as to them.

**PETITION DENIED IN PART and DISMISSED IN PART**.