Liu v. Barr

BIA
Navarro, IJ
A205 904 262

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

MEI LING LIU,
> *Petitioner,*

v.                                                      18-3237
                                                        NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Henry Zhang, New York, NY.

FOR RESPONDENT:              Ethan P. Davis, Acting Assistant
                             Attorney General; Brianne Whelan
                             Cohen, Senior Litigation Counsel;
                             Stefanie A. Svoren-Jay, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Ling Liu, a native and citizen of the People's Republic of China, seeks review of an October 3, 2018 decision of the BIA affirming a September 26, 2017 decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Mei Ling Liu,* No. A 205 904 262 (B.I.A. Oct. 3, 2018), *aff'g* No. A 205 904 262 (Immig. Ct. N.Y. City Sept. 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Chuilu Liu v. Holder,* 575 F.3d 193, 196 (2d Cir. 2009) (reviewing corroboration determinations for substantial evidence).

"The testimony of the applicant may be sufficient to sustain

the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. . . . Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Absent an adverse credibility determination, a lack of corroboration can be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented. *See id.; see also id.* § 1252(b)(4); *Chuilu Liu*, 575 F.3d at 196–98. When denying a claim solely on an applicant's failure to provide corroborating evidence, the IJ must, either in her decision or otherwise in the record (1) identify the "specific pieces of missing, relevant documentation" and explain why it was "reasonably available"; (2) provide the petitioner "an opportunity to explain the omission"; and (3) "assess any explanation given." *Chuilu Liu*, 575 F.3d at 198; *see also Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018). Advance notice

of the need for specific corroboration and an opportunity to gather the evidence are not required, because "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ." *Wei Sun*, 883 F.3d at 31 (quoting *Chiulu Liu,* 575 F.3d at 198). Where the IJ has identified the missing evidence, we may reverse the agency's decision only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4); *see Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011).

The agency specifically identified Liu's missing evidence: she did not corroborate that she was practicing Christianity or attending church between July 2013 and March 2017. *See Chuilu Liu,* 575 F.3d at 198–99. She provided a letter from her old church and her current church, neither of which spoke to the time period at issue, and failed to provide a letter from the friend who introduced her to Christianity, despite testifying they were in contact until a few months before the hearing. As the agency found, such letters would have corroborated her religious practice, and Liu did not demonstrate that she made any attempt to obtain additional documentation to corroborate this aspect of her claim. *See id.* at 198. Her disagreement with

4

the evidentiary weight the agency placed on the absent evidence does not show it was unavailable. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence").

Nothing else in this record compels us to conclude that additional documentation was unavailable to Liu. *See* 8 U.S.C. § 1252(b)(4). Liu therefore has not established error in the agency's conclusion that she did not meet her burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 198. Because she failed to meet her burden of proof for asylum, she "necessarily" failed to meet the higher burden for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court