NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS GUILLERMO-AVILAR, | No. 18-72686 |
| Petitioner, | Agency No. A077-167-148 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2021**
San Francisco, California

Before: WARDLAW and BEA, Circuit Judges, and ROSENTHAL,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Carlos Guillermo-Avilar,[1] a native and citizen of El Salvador, petitions for review of the denial of relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.[2] We review de novo whether the Board of Immigration Appeals (BIA) violated due process. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014) (citing *Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 377 (9th Cir. 2003) (en banc)). We review the BIA's factual findings for substantial evidence and will uphold those findings unless the record compels us to conclude differently. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019) (citing *Doe v. Holder*, 736 F.3d 871, 877 (9th Cir. 2013)). We deny the petition.

Guillermo-Avilar's claim is primarily based on his gang tattoos, which he alleges will make him a target for torture in El Salvador. In his declaration in support of his application for relief, Guillermo-Avilar stated that, although he received MS-13 gang tattoos for self-protection while he was incarcerated in the United States, he

---

[1] Petitioner states that his real name is Jose Rafael Ortiz. Because the charging documents and Board of Immigration Appeals refer to him as Guillermo-Avilar, we do so here.

[2] Section 1252 provides that "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses, but it preserves jurisdiction over "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(C)-(D). In *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), the Supreme Court held that Sections 1252(a)(2)(C) and (D) do not preclude judicial review of a noncitizen's factual challenges to a CAT order. *Id*. at 1692–94. We therefore have jurisdiction to hear Guillermo-Avilar's petition.

was not a gang member or participant in gang activities. Guillermo-Avilar stated that after his removal to El Salvador in 2004, Salvadorian police officers threatened to send a "death squad" to kill him, and that when he was deported from the United States to El Salvador in 2006 and again in 2008, police officers in El Salvador accused him of looking like a gang member and beat him. Guillermo-Avilar's brother testified that he witnessed the 2008 beating and that he was also beaten when he intervened to protect Guillermo-Avilar.

The Immigration Judge (IJ) also considered the State Department's 2016 Human Rights Report for El Salvador, a State Department paper on gangs in El Salvador, and other background reports and evidence. Roberto Lovato, a reporter and historian, testified about violence and extrajudicial killings in El Salvador.

Guillermo-Avilar first argues that under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the IJ lacked jurisdiction because the notice to appear did not state a time, date, or location for appearance. We rejected this argument in *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020), *cert. denied sub nom. Fermin v. Barr*, No. 20-53, 2020 WL 6385795 (U.S. Nov. 2, 2020) and *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–61 (9th Cir. 2019), *cert. denied sub nom. Karingithi v. Barr*, 140 S. Ct. 1106 (2020).

Guillermo-Avilar's contention that the IJ and the BIA denied him due process by failing to appropriately weigh Lovato's testimony about country conditions is

3

unsupported by the record. The IJ specifically discussed Lovato's testimony, deemed it credible, and afforded it full evidentiary weight. Because this claim has no "possible validity," we lack jurisdiction to address it. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)).

Guillermo-Avilar's challenge to the adverse credibility determination also lacks merit. The BIA and IJ identified specific instances of evasive, nonresponsive, and implausible testimony. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) ("[T]he BIA must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." (quotation marks omitted)). Guillermo-Avilar gave "evasive and nonresponsive" testimony about whether he had expressed a fear of returning to El Salvador when he was removed in 2006 and 2008, and about when he reentered the United States and his whereabouts from 2004 to 2006. The IJ and the BIA also found it implausible that Guillermo-Avilar was always afraid of returning to El Salvador, given his failure to apply for relief in 2006 or 2008. Finally, the testimony that Guillermo-Avilar's brother witnessed his 2008 beating in El Salvador was implausible because his brother was incarcerated in the United States at that time. Given the substantial evidence supporting the adverse credibility determination, we are not "compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

4

Substantial evidence also supports the denial of relief under CAT. "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The BIA found that Guillermo-Avilar's past beatings by police, while serious, did not rise to the level of torture under CAT. The BIA also relied on record evidence that Guillermo-Avilar was able to successfully hide his tattoos by wearing a shirt, and that his brother, who also has gang tattoos, remained in El Salvador "relatively unharmed."

Guillermo-Avilar argues that the IJ and BIA did not adequately consider the country condition reports and Lovato's testimony about violence in El Salvador, and that this evidence mandates deferral of removal. The IJ admitted the reports and Lovato's testimony into evidence and considered both. The agency gave the material the consideration required. *Manes v. Sessions*, 875 F.3d 1261, 1265 (9th Cir. 2017); *see also Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004). The IJ and BIA found that the record did not establish that it was more likely than not that Guillermo-Avilar would be tortured by gangs or the police. The record does not compel a contrary finding.

**PETITION DISMISSED IN PART, DENIED IN PART.**