FILED

APR 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAUL ALBERTO FLORES-MEDINA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-71303

Agency No. A076-634-902

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2021
San Francisco, California

Before:  TASHIMA, WARDLAW, and BEA, Circuit Judges.
Concurrence by Judge TASHIMA

Raul Alberto Flores-Medina, a native and citizen of Honduras living in the

United States, petitions for review of the Board of Immigration Appeals's ("BIA")

dismissal of his appeal from an Immigration Judge's ("IJ") order finding him

removable and denying his applications for relief.  The IJ ordered Flores-Medina

removable on two grounds, including, as relevant here, inadmissibility as an alien

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

whom "the Attorney General knows or has reason to believe . . . is or has been an illicit trafficker in any controlled substance . . . or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance." 8 U.S.C. § 1182(a)(2)(C)(i). The IJ also denied all applications for relief from removal, including, as relevant here, Flores-Medina's request for cancellation of removal after it found that, pursuant to 8 U.S.C. § 1229b(d)(1), Flores-Medina's commission of an offense under 8 U.S.C. § 1182(a)(2) terminated his continuous physical presence in the United States before he accumulated the ten years required for relief under § 1229b(b)(1). The BIA affirmed each finding.

Flores-Medina asks us to review whether the BIA's factual findings in affirming his removability under § 1182(a)(2)(C) were supported by substantial evidence, and whether the IJ and BIA denied him due process. He also asks us to conclude that the BIA erred in concluding that Flores-Medina lacked the ten years of continuous physical presence that is required for eligibility for cancellation of removal, arguing that the stop-time rule's reference in § 1229b(d)(1) to "offense[s] referred to in section 1182(a)(2)" excludes § 1182(a)(2)(C) because a "reason to believe" is not an "offense."

1.      We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review final orders of removal, but § 1252(a)(2) bars us from "review[ing] any final order of removal

2

against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)." We independently determine whether a petitioner's case falls within the category of cases barred from review. *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000).

We lack jurisdiction to review Flores-Medina's order of removal. There is no dispute that Flores-Medina is an alien. Then, "[u]nder [Section 1182](a)(2)(C), the only requirement [for inadmissibility] is that an immigration officer 'knows or has reason to believe' that [the petitioner] is an illicit trafficker in controlled substances or that [the petitioner] has knowingly assisted, abetted, conspired with, or colluded with others in such illicit trafficking." *Alarcon-Serrano*, 220 F.3d at 1119. "The appropriate way of measuring whether the IJ and BIA had 'reason to believe' that [the petitioner] knew he was participating in drug trafficking is to determine whether substantial evidence supports such a conclusion. In this regard, the conclusion of the immigration judge must be affirmed if based on reasonable, substantial, and probative evidence." *Id.* "If so, we lack jurisdiction to proceed any further in our review." *Id.*

Flores-Medina testified before the IJ that he knew his friend was storing forty pounds of marijuana in his apartment and that he also knew about the scale, packaging materials, and two guns found in the apartment. After he discovered the drugs, he asked his friend to remove the marijuana, but nonetheless continued to

permit his home to be used by his friend to store, weigh, and package marijuana for sale for a day or two. He admits that he instead should have alerted the authorities or insisted the drugs be immediately removed. He also had no explanation for why marijuana was found folded in and alongside his personal rental agreement. He also pleaded guilty in Arizona state court to solicitation of possession of marijuana for sale in violation of Ariz. Rev. Stat. §§ 13-1002 and 13-3405.

In light of these facts, we conclude that the BIA had reasonable, substantial, and probative evidence to support its belief that Flores-Medina knowingly assisted in illicit trafficking of a controlled substance under § 1182(a)(2)(C)(i). That there is no evidence Flores-Medina himself received renumeration does not require the conclusion that Flores-Medina did not aid in illicit trafficking. *See e.g.*, *Alarcon-Serrano*, 220 F.3d at 1118 (holding the Attorney General had reason to believe an alien who crossed the border in a borrowed car loaded with 86 pounds of marijuana was an illicit trafficker without any finding that the alien was rewarded). Flores-Medina's characterization of his actions as mere acquiescence or as incapable of establishing that he knowingly assisted in illicit trafficking is belied by the fact that Flores-Medina pleaded guilty to solicitation "with the intent to promote or facilitate" his friend's possession for sale of forty pounds of marijuana. Ariz. Rev. Stat. § 13-1002(A); *see Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014) ("As a general

4

rule, a voluntary guilty plea to criminal charges is probative evidence that the petitioner did, in fact, engage in the charged activity . . . .").

Because the BIA had sufficient reason to conclude that Flores-Medina was removable by reason of having committed an offense covered in § 1182(a)(2)(C), we lack jurisdiction to review the final order substantively.

2.     An exception to the jurisdictional bar in § 1252(a)(2) preserves judicial review over otherwise unreviewable final orders of removal to the extent that a petitioner raises "constitutional claims or questions of law."  § 1252(a)(2)(D). "Although we retain jurisdiction to review due process challenges, a petitioner must allege at least a colorable constitutional violation.  To be colorable in this context, the alleged violation need not be substantial, but the claim must have some possible validity." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (internal quotation marks and citations omitted). "[A] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

Flores-Medina presents no colorable constitutional claim.  He argues that the BIA violated his due process by "reaching facts which are not supported by 'substantial evidence;'" "ignoring substantial evidence;" "focusing on isolated facts;" "mischaracteriz[ing] the evidence presented, and 'cherry-pick[ing]' certain

facts while ignoring others;" and "failing to provide him with [a] 'neutral' and 'fair' forum." The record indicates the IJ and BIA fairly and impartially assessed all relevant evidence. Flores-Medina's remaining arguments amount to little more than disputing factual findings, a matter over which we have no jurisdiction. *Torres-Aguilar*, 246 F.3d at 1271.

3.     Pursuant to 8 U.S.C. § 1252(d)(1), we have no jurisdiction to review Flores-Medina's arguments because he did not exhaust them. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) ("[Section] 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below."). Flores-Medina never presented to the IJ or the BIA the legal claim that § 1229b(d)(1)'s reference to "offense[s] referred to in section 1182(a)(2)" excludes § 1182(a)(2)(C).

4.     We lack jurisdiction under 8 U.S.C. § 1252(a)(2) to review Flores-Medina's final order of removal and find he presents no colorable constitutional claim. Further, we lack jurisdiction under 8 U.S.C. § 1252(d)(1) to review Flores-Medina's unexhausted argument that § 1182(a)(2)(C) is excluded from the stop-time rule's list of offenses that interrupt continuous physical presence. As Flores-Medina presents no other basis upon which we may grant his petition for review, it is dismissed for lack of jurisdiction.

**DISMISSED.**

*Flores-Medina v. Garland*, No. 19-71303

TASHIMA, Circuit Judge, with whom WARDLAW, Circuit Judge, joins, concurring:

I concur fully in the panel's disposition. I write separately only to point out that petitioner has raised a substantial question which we elide as unexhausted—because he has not exhausted his administrative remedies on the issue.

> [W]e lack jurisdiction under 8 U.S.C. § 1252(d)(1) to review Flores-Medina's unexhausted argument that § 1182(a)(2)(C) is excluded from the stop-time rule's list of offenses that interrupt continuous physical presence.

Dispo. at 6.

The stop-time rule provides that "continuous physical presence . . . shall be deemed to end . . . when the alien has *committed an offense* referred to in section 1182(a)(2) of this title that renders the alien inadmissible . . . under section 1182(a)(2) of this title . . . ." 8 U.S.C § 1229b(d)(1) (emphasis added). In turn, § 1182(a)(2) lists a number of offenses, *e.g.*, violation of laws relating to controlled substances, but it also lists a number of classes of aliens which would not meet the textbook definition of "offenses." The class of such aliens germane to this case are those whom the Attorney General "knows or *has reason to believe* . . . [are] or [have] been a knowing aider, abettor, assister, conspirator or colluder with others

in the illicit trafficking in any such controlled . . . substance . . . ." *Id*. (emphasis added).

Whether the Attorney General's conclusion that he "has reason to believe" that an alien is implicated in a controlled substance offense is equivalent to having been convicted for that offense, which is the issue petitioner raises for the first time on appeal, appears to be an issue of first impression in our Circuit. Although we cannot address it here, because of its wide impact on a number of cases, we should address it at the earliest opportunity.