**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL VALENCIA BIRRUETA; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72186 <br><br> Agency Nos. A202-153-505 <br> A202-153-506 <br> A202-153-507 <br> A202-153-508 <br> A202-153-509 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021[**]

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Jose Manuel Valencia Birrueta and his wife and children, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their applications for asylum, withholding of removal, and relief under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.

*Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We review de

novo questions of law, *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016),

including claims of due process violations in immigration proceedings, *Chavez-*

*Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014).  We deny in part and dismiss in part

the petition for review.

Substantial evidence supports the agency's determination that petitioners

failed to establish a nexus between the harm they experienced or fear in Mexico

and a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)

(an applicant's "desire to be free from harassment by criminals motivated by theft

or random violence by gang members bears no nexus to a protected ground").  To

the extent petitioners contend the BIA erred in its determination that they waived a

family-based claim, the contention fails, *see Alanniz v. Barr*, 924 F.3d 1061, 1068-

69 (9th Cir. 2019) (no error in BIA's waiver determination), and we do not reach

any challenge as to a family-based claim because the BIA did not decide the issue,

*see Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the

decision of the BIA, we consider only the grounds relied upon by that agency.").

The record does not support petitioners' contentions that the BIA erred in its

analysis either by considering the wrong particular social group or by failing to

specify which particular social group it considered on appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record). To the extent petitioners contend the IJ misstated their particular social groups, we lack jurisdiction to consider the contention. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, petitioners' asylum and withholding of removal claims fail.

In light of this disposition, we do not reach the petitioners' remaining contentions concerning the merits of their asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Petitioners' contention that the BIA violated their right to due process by failing to address these remaining claims also fails. *See id.*; *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (requiring error to prevail on a due process claim).

The BIA did not err in its determination that the petitioners waived their claim for relief under CAT. *See Alanniz*, 924 F.3d at 1068-69. Thus, we deny the petition for review as to petitioners' CAT claim.

The temporary stay of removal remains in place until issuance of the

mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**