Dutan Vinuesa v. Garland

BIA
Kolbe, IJ
A213 637 533

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

JUAN DAVID DUTAN VINUESA,
> *Petitioner,*

v.                                                          **22-6141**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Scott Coomes, Brooklyn Defender Services, Brooklyn, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan David Dutan Vinuesa, a native and citizen of Ecuador, seeks review of a February 22, 2022 decision of the BIA affirming an August 5, 2021 decision of an Immigration Judge ("IJ") denying his application for relief under the Convention Against Torture ("CAT"). *In re Juan David Dutan Vinuesa*, No. A213 637 533 (B.I.A. Feb. 22, 2022), *aff'g* No. A213 637 533 (Immig. Ct. N.Y.C. Aug. 5, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we review questions of law de novo. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021). We "uphold [the] agency['s] factfinding 'unless any reasonable adjudicator would be *compelled* to

2

conclude to the contrary.'"  *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

**I.   CAT Relief**

An applicant for protection under the CAT has the burden of demonstrating that he will "more likely than not" be tortured.  8 C.F.R. § 1208.16(c)(2).  "In considering a CAT claim, the agency properly considers 'all evidence relevant to the possibility of future torture,' including evidence of 'past torture'; of possible internal relocation; of 'gross, flagrant or mass violations of human rights'; and any other relevant information regarding 'conditions in the country of removal.'" *Quintanilla-Mejia*, 3 F.4th at 592 (quoting 8 C.F.R. § 1208.16(c)(3)).  A CAT claim "requires a showing with respect to future, rather than past, treatment." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir. 2004).  A lack of corroboration of "otherwise credible" evidence can be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented.  *Wei Sun v. Sessions*, 883 F.3d 23, 28–31 (2d Cir. 2018).  In denying relief on this basis, an IJ should identify specific pieces of missing documentation, explain why it was reasonably available, provide the alien with an opportunity to explain the omission, and assess any explanation.  *Id*. at 31.  "No court shall reverse a determination made by a trier of fact with respect to the availability of

corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Dutan alleged that police officers who assaulted him 20 years ago after he witnessed them commit a murder would find and torture him, or that unnamed drug traffickers would torture him because he provided information to U.S. law enforcement. The agency did not err in denying his claim as to drug traffickers because it was entirely speculative. Dutan did not allege that he had been threatened by anyone involved in drug trafficking and he had no evidence that he cooperated with law enforcement in the United States. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is "speculative at best" if it lacks "solid support" in the record).

The agency also did not err in denying Dutan's fear of torture by the police as speculative. In addition to the fact that 20 years had passed, his evidence consisted of letters from family members that did not mention his issues with the police (his mother) or did not know details of the events of 2000 (his sister in the United States). His brother in the United States alleged that police were still bothering the family and had arrested him in 2013 when they mistook him for

4

Dutan. The IJ did not err in declining to credit the letters because none of the declarants were made available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that weight of documentary evidence is within agency's discretion and deferring to the agency's decision to give limited weight to letter from applicant's spouse); *see also Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an IJ was within her discretion in according little weight to supporting letters "because the declarants (particularly [the applicant's] wife) were interested parties and neither was available for cross-examination").

More specifically, we are not persuaded by Dutan's argument that the agency errantly discarded his explanation that his brother was unavailable because he feared he would himself be subject to removal if he appeared to testify on Dutan's behalf. Although this Court is sensitive to such misgivings, *see, e.g.*, *Kyaw Zwar Tun v. U.S. I.N.S.*, 445 F.3d 554, 569 (2d Cir. 2006), as Dutan himself emphasizes, "whether an applicant can reasonably obtain corroborating evidence is a finding of fact that the BIA reviews for clear error," *Pinel-Gomez v. Garland*, 52 F.4th 523, 532 (2d Cir. 2022) (internal quotation marks omitted). Dutan fails to identify any basis for us to conclude that the IJ clearly erred in declining to credit the argument that Dutan's brother, who lived in the same city where Dutan's

5

proceedings were held and (according to his declaration) had himself applied for asylum, was unavailable to testify, much less that the BIA erred in affirming that finding. *See Wenting Huang v. Barr*, 819 F. App'x 8, 10 (2d Cir. 2020) (summary order) (affirming the agency's rejection of a similar fear-based argument where the would-be corroborators "were involved in their own asylum proceedings and thus did not need shielding from the experience of testifying"); *cf. Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011) (affirming the agency's rejection of a similar argument, distinguishing situations where the potential witness is a member of the applicant's family from those where the witness is "unrelated" to the applicant and has absolutely "no incentive to appear on [the applicant's] behalf that would counterbalance his fear of being apprehended").

Dutan also challenges the IJ's finding that he should have provided statements from his sister in Ecuador, who he alleged had been recently targeted by the same police officers, and from his friends who also witnessed the murder in 2000. But the agency was not compelled to accept Dutan's explanation that he did not know where his friends were: Dutan was able to obtain a letter from a friend's father in Ecuador, and he knew that his friends had moved to Spain and to the United States, but he did not explain why the friend's father could not locate

6

his own son or why a family member could not have tracked him down. Moreover, the record does not compel the conclusion that he could not have obtained a statement from his sister; to the contrary, Dutan testified that the reason he did not provide a statement from his sister was because he "didn't ask her for one." Certified Admin. Record at 139–40.

Dutan also argues that the IJ misapplied the CAT standard by stating that the agency "may" consider, *id.* at 65, instead of "shall" consider, the factors in 8 C.F.R. § 1208.16(c)(3). The record, however, does not compel a conclusion that the agency ignored relevant factors, particularly as the IJ considered Dutan's allegations of past harm and "the entirety of the Record of Proceedings, including what the country conditions reflect with regard to conditions in Ecuador." Certified Admin. Record at 68–69; *see also Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

**II. Service of the Notice to Appear**

Dutan's challenge to his notice to appear lacks merit. He does not dispute that he was personally served with a notice to appear that informed him of the charges and the date and time of his hearing, that he signed that notice to confirm

7

service, or that he was subsequently served with a hearing notice providing an updated hearing date and reiterating the potential consequences should he fail to appear (or that he, in fact, appeared at that hearing). This is all the statute requires. *See* 8 U.S.C. § 1229(a)(1) (requiring service of written notice of the initiation of removal proceedings), (a)(2)(A) (requiring written notice of a change in the date, time, or place of the hearing).

Finally, Dutan's argument, in the alternative, that the BIA engaged in improper fact-finding when it determined that Dutan had been properly served is also without merit. Dutan has never disputed that he was *in fact* served with both the initial (in his view, deficient) NTA and the updated notice. Rather, he has maintained that service of the initial NTA was improper *as a matter of law* based on what was contained in the NTA he received. As discussed above, we disagree.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court