NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL SALVADOR VILLAFAN-
HERRERA,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 23-2261

Agency No.
A098-917-926

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2024[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

    Manuel Salvador Villafan-Herrera seeks review of an immigration judge's

(IJ) concurrence in an asylum officer's negative reasonable fear determination.

After a prior order of removal was reinstated against Villafan-Herrera, he expressed

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

fear of returning to Mexico because his ex-girlfriend's father, Jose Escamilla, had paid a cartel to kill him. Pursuant to 8 C.F.R. § 208.31(b), Villafan-Herrera was referred to an asylum officer, who found that there was no reasonable possibility that the harm he experienced was on account of his race, religion, nationality, political opinion, or membership in a particular social group. After a short hearing during which the IJ took no testimony from Villafan-Herrera, the IJ agreed with the asylum officer's determination. Because an IJ's order affirming a negative reasonable fear determination is a final order pursuant to 8 C.F.R. § 208.31(g)(1), we have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

Villafan-Herrera makes two arguments in his petition: First, that the IJ's review of the asylum officer's negative reasonable fear determination failed to comport with due process when she did not allow Villafan-Herrera to testify and had "pre-judged" his case, and second, that the IJ erred when she failed to find that Villafan-Herrera's relationship with Escamilla's daughter was a political act.[1] Neither argument is persuasive.

We review Villafan-Herrera's due process argument de novo. *See, e.g., Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014). Because negative fear review proceedings "were not envisioned to be full evidentiary hearings," *Orozco-Lopez v.*

---

[1] We assume that Villafan-Herrera's discussion of "political belief" in his briefing indicates an intention to challenge the IJ's finding that he had not established a nexus between his persecution and protected ground.

*Garland*, 11 F.4th 764, 771 (9th Cir. 2021) (quoting *Bartolome v. Sessions*, 904 F.3d 803, 813 (9th Cir. 2018)), the IJ "may (but need not) accept additional evidence and testimony from the non-citizen." *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1191 (9th Cir. 2021). Accordingly, due process did not require that the IJ allow Villafan-Herrera to testify when viewing the record prepared by an asylum officer under 8 C.F.R. § 208.31(g). Further, there is no evidence of any pre-judgment here. Neither the transcript of the hearing nor the IJ's decision evince bias against or skepticism of Villafan-Herrera. Given that we have held that reasonable fear review proceedings "are intended to be expedited and efficient," *Bartolome*, 904 F.3d at 813, such efficiency, by itself, does not present due process concerns.

We review for substantial evidence the IJ's determination that Villafan-Herrera did not establish a nexus between his fear and a protected ground, and must uphold the IJ's determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 811 (quoting *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016)). Reasonable fear at the screening stage exists when a petitioner shows a "reasonable possibility" that he (1) would be persecuted on account of his "race, religion, nationality, membership in a particular social group or political opinion," or (2) would be tortured in his country of removal "inflicted by or at the instigation of or with the consent or acquiescence of a public

23-2261

official or other person acting in an official capacity."[2] *Hermosillo v. Garland*, 80 F.4th 1127, 1129 (9th Cir. 2023) (internal quotation marks and citations omitted). A "reasonable possibility" "has been defined to require a ten-percent chance that the non-citizen will be persecuted or tortured if returned to his or her home country." *Alvarado-Herrera*, 993 F.3d at 1195. Substantial evidence supports the IJ's conclusion that Villafan-Herrera has not established a reasonable possibility that he would be persecuted on account of a protected ground.

Villafan-Herrera has put forth no evidence that his relationship with Escamilla's daughter was, itself, a political act. "A person's deeds express a political opinion only when they are 'sufficiently conscious and deliberate decisions or acts' such that society would naturally 'attribute[] certain political opinions to [the petitioner]' based on those acts." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023) (quoting *De Valle v. INS*, 901 F.2d 787, 791 (9th Cir. 1990)) (internal quotation marks omitted). The only act Villafan-Herrera indicates might have been political was his choice to remain living with Escamilla's daughter in open defiance of the cartel. But that defiance alone, without an accompanying political motivation, does not constitute expression of a political opinion. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (holding that "general aversion to gangs does not

---

[2] Because Villafan-Herrera does not address the torture prong of the test in his briefing, he has waived any challenge to the IJ's findings on that issue. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

constitute a political opinion for asylum purposes" and the petitioner in *Barrios* "failed to present evidence that he was politically or ideologically opposed to the gang"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

Villafan-Herrera also put forth no evidence that Escamilla's objection to Villafan-Herrera's relationship with his daughter had anything to do with any political opinion espoused by Villafan-Herrera, whether symbolic or otherwise. Villafan-Herrera testified that Escamilla's objection stemmed not from his religion, race, or political opinion, but because he came from a poor family. But those who are "victimized . . . for economic and personal reasons" are not persecuted on account of political opinion. *Barrios*, 581 F.3d at 856; *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that fear of bandits who targeted his family because of the value of his grandfather's farm "b[ore] no nexus to a protected ground"); *see also Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) ("A personal dispute is not, standing alone, tantamount to persecution based on an imputed political opinion.").

**PETITION DENIED.**